ORDER
HACKNEY, JUDGE:
An application of the claimant, Judith A. Walker, for an award under the West Virginia Crime Victims Compensation Act, was filed March 9, 2004. The report of the Claim Investigator, filed July 19, 2004, recommended that an award be granted in the amount of $3,904.37 in economic loss, to which the claimant filed a response in disagreement regarding the amount of work loss. By Orders issued July 23,2005 - April 26, 2007, awards totaling $4,634.90 were granted for payment of the claimant’s unreimbursed medical expenses and work loss. In an Order issued October 9, 2007, the Court denied an award of additional work loss because there was nothing in the record to establish that the claimant was unable to function at any other job. In response, the claimant’s request for hearing was filed October 25, 2007. This matter came on for hearing January 24, 2008, claimant appearing by counsel D. Keith Randolph, and the State of West Virginia by counsel Benjamin F. Yancey III, Assistant Attorney General.
On September 15, 2003, the 47-year-old claimant was the victim of criminally injurious conduct in Comfort, Boone County. The claimant was working as a teller at Whitesville State Bank when the offender, Chris Mullins, came into the bank. The offender walked up to the claimant’s counter and pointed a gun at her face, warning her not to move. Although the claimant originally thought that it was a Halloween prank, she *336 realized that the offender was serious when he moved the gun closer to her face and reiterated that she was not to move. The claimant placed the money into a bag which the offender had provided, and the offender fled the scene. He later was apprehended, found guilty of bank robbery, and sentenced to forty-seven months in prison.
As a result of this incident, the claimant has suffered three stress-related heart attacks, chest pains, and panic attacks. Bond was posted for the offender from the time he was arrested until his sentencing on June 26, 2007. The fact that the offender continued to live in the community caused the claimant stress and anxiety. The claimant testified that she saw the offender on various occasions which aggravated her stress-related symptoms. Although the claimant tried to go back to work at the bank, she continued to suffer from symptoms of anxiety. After resigning from her job at the bank on December 24, 2004, the claimant stated that she has considered other types of employment.
Testifying at the hearing was Dr. Mark R. Mason, a Christian counselor with New Hope Christian Counseling Center. Dr. Mason stated that he provided psychotherapy services to the claimant from March 10,2004 through February 8, 2007. The claimant was diagnosed with Post-Traumatic Stress Disorder, depression, and panic disorder with agoraphobia. According to Dr. Mason, the claimant was eager to return to work, but when she did so, she suffered from a reoccurrence of her Post-Traumatic Stress symptoms. In Dr. Mason’s opinion, the claimant went to work prematurely because she continued to suffer from anxiety-related symptoms. Throughout the treatment sessions, Dr. Mason instructed the claimant to journal her feelings, attend therapy sessions regularly, and continue her medication. However, the claimant failed to follow the treatment plan. Although the claimant may not have been able to return to work as a bank teller, Dr. Mason stated that she would have been able to work in some other capacity if she would have fully complied with her treatment plan.
W.Va. Code § 14-2A-3(g) states in part: “... ‘Work loss’ means loss of income from work that the injured person would have performed if he or she had not been injured and expenses reasonably incurred or to be incurred by him or her to obtain services in lieu of those he or she would have performed for income, reduced by any income from substitute work actually performed or to be performed by him or her, or by income he or she would have earned in available appropriate substitute work that he or she was capable of performing but unreasonably failed to undertake...”
In the present case, the Court’s Order of October 9,2007, found that there was nothing in the record to establish that the assault rendered the claimant unable to function at any other job. Based on the testimony at the hearing, the Court concludes that the claimant would have been able to return to work, if not as a bank teller, then in some other capacity, had she complied with her treatment plan. The Court is constrained by the evidence to stand by its previous ruling; therefore, this claim for supplemental work loss must be, and is hereby, denied.